PER CURIAM.
The appellant, a homeowner, entered into a contract with the appellee for the construction of renovations and improvements to the appellant’s home. Without dispute on this appeal, the appellee did not finish the project and there were construction defects in the work which the appellee had done. The issue in this case was the amount of damages to which the appellant was entitled for the cost to correct the construction defects.
After a bench trial, the trial judge entered a final judgment which, among other things, awarded damages to the appellant in the amount of $39,904.89. Both parties filed postjudgment motions and while those motions were pending, the appellant sold his home.
When the trial judge was made aware of the appellant’s sale of his home, the trial judge entered an order dated June 1, 1990, in which he denied the posttrial motions and vacated the damage award to the appellant in the final judgment previously entered. The appellant challenges that order as being entered in error and also argues that the trial judge erred in refusing to award the appellant prejudgment interest on his damage award.
We agree with the appellant that the trial judge erred in vacating the appellant’s damage award. There is evidence in the record that with the corrective work undone the sales value of the appellant’s home was reduced to an extent which supports the damage award. However, under the particular circumstances of this case, we find no error in the trial judge’s denial of prejudgment interest.
For the foregoing reasons, we reverse with directions that the trial judge enter a final judgment in favor of the appellant and against the appellee in the amount of $39,904.89.
Reversed and remanded.
DANAHY, A.C.J., and CAMPBELL and ALTENBERND, JJ., concur.